IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSENDO "ROBERT" RAMIREZ,

    Plaintiff,                               No. CIV S-08-0666 MCE DAD PS

    vs.

UNITED STATES POSTAL SERVICE, et al.,

                                        FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

         Plaintiff, proceeding pro se, has filed a pleading titled "Complaint for Damages, Defamation of Character, Racial Indifference in Violation of Federal Equal Employment Laws and Jurisdiction, Physical Assault, Retaliation." The civil cover sheet completed by plaintiff indicates that the case is a personal injury suit for assault, libel and slander, with causes of action for property damage, civil rights violation, and racial discrimination. Plaintiff has requested leave to proceed with the action in forma pauperis. The proceeding has been referred to the undersigned pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

         A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The district court may authorize the commencement of an action without prepayment of fees or security therefor by an individual who submits an affidavit demonstrating inability to pay such fees or give security for them. 28 U.S.C. § 1915(a). Here,

1  plaintiff declares in his forma pauperis application that he was not worked since June 2005, that
2  his employer was the United States Postal Service, and that he was injured.  Plaintiff reports zero
3  income from any source, including disability or pension payments.  Plaintiff states that he has no
4  cash or checking or saving accounts and owns no assets of any value.  Although plaintiff alleges
5  that he supports a child, he fails to indicate how much he contributes to his child's support.

6  Ordinarily, the undersigned would require plaintiff to provide more information
7  regarding his income and assets, as well as the amount of support provided to his child.
8  However, the determination that a plaintiff may proceed in forma pauperis does not complete the
9  required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma
10 pauperis case at any time if the court determines that the allegation of poverty is untrue or that
11 the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks
12 monetary relief against an immune defendant.

13 A case is frivolous when it lacks an arguable basis in law or in fact.  Neitzke v.
14 Williams, 490 U.S. 319, 325 (1989);  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th
15 Cir. 1990).  Under this standard, a court must dismiss a claim as frivolous where it is based on an
16 indisputably meritless legal theory or where the factual contentions are clearly baseless.  See
17 Neitzke, 490 U.S. at 327; see also 28 U.S.C. § 1915(e).

18 To state a claim on which relief may be granted, the plaintiff must allege "enough
19 facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550
20 U.S. 544, 570 (2007).  In considering whether a complaint states such a claim, the court accepts
21 as true the material allegations in the complaint and construes the allegations in the light most
22 favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.
23 v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
24 (9th Cir. 1989).  In addition, pro se pleadings are held to a less stringent standard than those
25 drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nonetheless, the court need not
26 accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact,

1  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Although the Federal Rules
2  of Civil Procedure adopt a flexible pleading policy, see Fed. R. Civ. P. 8, a complaint must give
3  the defendants fair notice of the claims against them.  Jones v. Community Redev. Agency, 733
4  F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at least some degree of particularity
5  overt acts which each defendant engaged in that support the plaintiff's claims.  Id.

6           Here, plaintiff alleges that his motorcycle was damaged in the parking lot of the
7  postal facility where he was working.  Plaintiff asserts that he filed a criminal complaint against
8  "the suspect," a co-worker named Harim Reynolds, who is named as a defendant in this case.
9  For reasons that are not explained but apparently were related to the criminal complaint filed by
10 plaintiff, defendant Richard Lahm, a manager, issued plaintiff a warning letter, which made
11 plaintiff feel "re-victimized."  Plaintiff has not received any compensation for his damages.
12 Plaintiff had previously complained to acting manager Paul Whitehurst, also a defendant, about
13 threats made by defendant Reynolds toward plaintiff and his property.  Plaintiff filed an EEO
14 complaint against defendants Whitehurst and Reynolds, as well as a past supervisor who is not
15 named as a defendant in this case, and Bambi McElroy, a named defendant further described in
16 the caption of plaintiff's complaint as "T.M.E."  The complaint contains no allegations against
17 defendant McElroy.  Plaintiff indicates his belief that these individuals were retaliating against
18 him "due to the fact that prior to a past postal injury [defendant] Lahm was 'gunning' to get me
19 in trouble by any means necessary and in the management position he is now in has 'twisted' the
20 facts in the favor of those opposed against me." (Complaint at 2.)  Plaintiff complains that no
21 adverse action "was ever done to suspect in my motorcycle damage and physical assault charge."
22 (Id.)  Plaintiff believes that defendants' failure to punish the suspect shows that other persons
23 were favored over him.  Plaintiff seeks compensation for legal fees, property damage, defamation
24 of character, "biasness [sic]," and stress that forced him to miss work and use annual and sick
25 leave he had earned.  (Id.)
26 /////

It appears that plaintiff's suit arises from events that occurred at least three years prior to the commencement of this action, in light of plaintiff's declaration under penalty of perjury in his in forma pauperis application that he last worked in June 2005. The complaint contains no allegations in support of plaintiff's claims of defamation and employment discrimination based on race. The few allegations related to property damage, assault, and retaliation do not state claims to relief that are plausible on their face. Although plaintiff alleges that he filed an EEO complaint against certain defendants, he has not indicated whether he exhausted his administrative remedies by pursuing that complaint to final disposition. Plaintiff does not allege that he filed a federal tort claim for the property damage that occurred in the postal facility parking lot. In sum, the undersigned finds that the pleading fails to state a sufficient factual and legal basis for any claim asserted in the complaint and fails to establish any legal basis for the damages sought from the named defendants.

The court takes judicial notice of five previous actions filed by plaintiff in this district: Ramirez v. United States Postal Service, et al., case No. 2:03-cv-2453 DFL JFM PS (E.D. Cal. 2003); Ramirez .v Sandusky, et al., case No. 2:03-cv-2596 FCD GGH PS (E.D. Cal. 2003); Ramirez v. Trujillo-Graham, case No. 2:04-cv-1651 LKK KJM PS (E.D. Cal. 2004); Ramirez v. Walmart, Inc., case No. 2:04-cv-1775 DFL GGH PS (E.D. Cal. 2004); and Ramirez v. Cooley, et al., case No. 2:05-2186 FCD GGH PS (E.D. Cal. 2005).[1] The first of these cases, like the present case, was brought against plaintiff's employer and co-workers. In that case and three others, plaintiff's complaints were dismissed with leave to amend because the pleadings were so vague and conclusory that the court was unable to determine whether the actions were frivolous or failed to state a claim for relief. In all four cases in which his complaint was dismissed with leave to amend, plaintiff failed to file an amended complaint or prosecute the action in any way, and all four cases were then dismissed.

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

In plaintiff's case against defendant Dean Sandusky and other college officials and entities, plaintiff was directed to complete documents for service by the United States Marshal. Plaintiff did not submit the required documents and instead attempted service on defendant Sandusky in another manner. United States Magistrate Judge Gregory G. Hollows cautioned plaintiff that his failure to comply with the court's order and his attempt to serve only defendant Sandusky "has impeded expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff demonstrates little intention of pursuing." (Order filed Dec. 2, 2004, in case No. 2:03-cv-2596 FCD GGH PS (E.D. Cal. 2003), at 2.) In that case, plaintiff's in forma pauperis status was revoked as a sanction for failure to comply with court orders and plaintiff was ordered to complete service on the unserved defendants. Plaintiff failed to prosecute the action, and the case was eventually dismissed due to plaintiff's failure to keep the court apprised of his address.

In plaintiff's previous case against U.S. Postal Service defendants, United States Magistrate Judge John F. Moulds provided plaintiff with extensive information at the screening stage. In particular, Judge Moulds advised plaintiff of the need to exhaust administrative remedies before bringing a tort action against the Postal Service in federal court. Judge Moulds also advised plaintiff that his amended complaint in that case should either allege that he had exhausted his administrative remedies or allege facts showing that his claim falls within an exception to the general rule of exhaustion. (Order filed December 29, 2003, in case No. 2:03-cv-2453 DFL JFM PS (E.D. Cal. 2003), at 3 n.1.)

In his most recent case, plaintiff has not heeded the information and advice provided by three magistrate judges in plaintiff's five previous actions filed in this court. In light of plaintiff's litigation history, the undersigned will recommend that plaintiff's application to proceed in forma pauperis be denied and that plaintiff's defective complaint be dismissed without leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay,

bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).  It does not appear that plaintiff can or will allege facts that would cure the defects of his complaint and therefore it would be futile to dismiss the complaint with leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's March 27, 2008 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2.  This action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to establish this court's jurisdiction and state a cognizable claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\ramirez0666.ifpden.f&r